**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NARETTA WADE ROBINSON AND RICKEY ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-12-RET-DLD** |
| **KMART CORPORATION doing business as SEARS** | |

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion to remand (rec. doc. 2), which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 3). This matter was removed on the basis of diversity jurisdiction, and the issue before the court is whether this matter was initially removable based on the allegations contained in plaintiffs' petition or whether this matter became removable after defendants received "other papers" which indicated that the amount in controversy for federal jurisdiction was satisfied.

**Factual Background**

On September 10, 2010, plaintiff Naretta Robinson brought suit against Kmart Corporation d/b/a Sears[1] in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for injuries sustained when she slipped and fell while shopping in the

---

[1] Plaintiffs named Kmart Corporation d/b/a Sears as defendant in their petition for damages. The answer was filed by defendants, Sears Roebuck & Co., incorrectly named as Kmart Corporation d/b/a Sears, and Kmart Corporation (rec. doc. 1-2). Plaintiffs are Louisiana citizens (rec. doc. 1-2). Sears Roebuck & Co. is a New York corporation with its principal place of business in Illinois, and Kmart Corporation is a Michigan corporation with its principal place of business in Illinois (rec. doc. 1). Thus, diversity of citizenship is satisfied.

store (rec. doc. 1-2). Plaintiff alleges that she suffered "extremely painful and permanent injuries to her person," and seeks damages for pain and suffering (past, present, and future), mental anguish and emotional distress, loss of enjoyment of life, disability, medical expenses (past, present, and future), loss of wages, any and all other damages to be set forth at the time of trial of this matter. Id. Additionally, plaintiff's husband, Rickey Robinson, seeks damages for loss of consortium, past, present, and future. Id. Plaintiffs' petition does not contain a request for a trial by jury or a statement that damages are insufficient to support federal jurisdiction. Id.

Defendant Sears was served with plaintiffs' petition on September 28, 2010 (rec. doc. 3). Thereafter, defendants propounded interrogatories and requests for production of documents to plaintiffs on November 12, 2010, and received plaintiffs' responses on December 10, 2010. Id. Defendant alleges that the discovery responses contained medical information relating to the injuries sustained by plaintiff Naretta Robinson which made it apparent that the damages sought satisfied the $75,000 amount in controversy for removal under 28 U.S.C. §1441. As a result, defendant Sears removed this matter on January 6, 2011, based on diversity jurisdiction. Plaintiffs filed a motion to remand, which is now before this court for a report and recommendation.

**Arguments of the Parties**

Plaintiffs claim that their petition contains allegations of citizenship and damages that affirmatively reveal that this matter was initially removable. Plaintiffs argue that defendant's removal is untimely because it was not filed within thirty days of service of the petition and that this matter should be remanded. Plaintiffs do not argue that their damages do not satisfy the amount in controversy, that discovery responses, in general,

do not constitute "other papers" triggering removal, or that the parties are not diverse (rec. doc. 3).

Defendant responds by arguing that plaintiffs' petition only alleged "generalized relief" and did not contain a request for a trial by jury or a statement that the damages sought were insufficient to support federal jurisdiction; therefore, it was not facially apparent from the petition that the amount in controversy was satisfied. Defendant contends that plaintiffs' December 10, 2010, discovery responses, consisting of medical records related to the injuries sustained by plaintiff Naretta Robinson as a result of the slip and fall alleged in the petition, constitute "other papers" from which defendant first ascertained that this matter was removable. Defendant claims that the medical records made it clear that the injuries sustained by plaintiff Naretta Robinson supported damages in excess of the jurisdictional minimum of $75,000; therefore, this matter became removable.

**Law and Discussion**

The removing party has the burden of proving the existence of federal jurisdiction and, if challenged, that the removal was procedurally proper. *See e.g. Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This matter was removed based on diversity jurisdiction, so the removing party must establish both that the parties are diverse[2] and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory

---

[2] *See* Ftnt 1.

$75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted).

The timeliness of a notice of removal is governed by 28 U.S.C. §1446(b), which creates a 30-day limitation period for removing cases. Failure to timely file a notice of removal is a defect that requires remand to state court. *See Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992). If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the

defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The Fifth Circuit has held that a discovery response may constitute an "other paper" under the federal removal statute, notifying defendant of an action's removability and triggering the 30–day removability period. *Cole ex rel. Ellis v. Knolwege Learning Corp.*, 2001 WL 818151 (5th Cir. 2011), citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir.1992). To qualify as an "other paper", however, the discovery response must be "unequivocally clear and certain", so that defendant may ascertain the action's removability. *Id.,* citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002).

In analyzing whether defendant's removal was timely, the court must first determine whether it was facially apparent from plaintiffs' petition that this matter was initially removable. Plaintiff Naretta Robinson alleges in her petition that she suffered "extremely painful and permanent injuries to her person," but she does not elaborate on what area(s) of her body was injured or the nature or severity of the injuries sustained.(rec. doc. 1-2). The petition does not include any information as to what type of medical treatment plaintiff received, including whether hospitalization was required, or what type of future medical care/treatment is necessary. Further, plaintiff alleges that she suffered a generalized list of damages, including pain and suffering, mental anguish, medical expenses, lost wages, and "disability." Id. Again, the petition does not elaborate on the extent of the damages sustained and does not indicate what type of disability was suffered or whether it was a temporary or permanent disability. Finally, the petition includes claims on behalf of plaintiff Naretta Robinson's husband for loss of consortium, but it does not elaborate on his

damages or indicate the degree of financial loss suffered. It is well-recognized that a list of non-specific injuries and a generic listing of categories of damages, such as those alleged by plaintiff, are not sufficient to establish that the amount in controversy is satisfied. *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. 2010); *Nelson v. Wal-Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La 2009), and numerous cases cited therein; *Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283 (W.D. La. 2008); Bonck v. Marriot Hotels, Inc., 2002 WL 31890932 (E.D.La. 2002). Thus, the vague allegations in the petition do not satisfy the facially apparent test for proving amount in controversy, and plaintiffs' petition was not initially removable.

The next issue is whether the petition became removable once defendants received copies of "other papers" in the form of plaintiffs' December 12, 2010, discovery responses, which included plaintiff Naretta Robinson's medical records. Although the medical records were not attached for privacy concerns, it is undisputed that plaintiff Naretta Robinson's MRI revealed multiple disc herniations[3] (rec. doc. 1). Further, defendants summarized the medical records of Dr. Jorge Isaza, who noted the "multiple disc herniations, as well as cervical radiculopathy, cervical strain, and cervical spondylosis, and discussed among other treatment options, the possibility of surgical intervention in the future for intractable pain or progressive neurological weakness." Id. Additionally, plaintiff Naretta Robinson described her damages, injuries, and treatment as including "head trauma/slip and fall;" "neck and left

---

[3] Defendants acknowledge that the MRI revealed that plaintiff Naretta Robinson suffered multiple disc herniations, but they contest whether the disc herniations are related to the accident at issue in this lawsuit (rec. doc. 1).

arm/shoulder;" "neck stiffness/spasm;" "cervical strain/shoulder strain;" and physical therapy from January 11, 2010 through August 23, 2010. Id.

Plaintiffs neither contest the damages described by defendant nor suggest that the damages do not satisfy the amount in controversy. The parties, however, may neither consent to nor waive federal subject matter jurisdiction, so the court must ensure that the amount in controversy is satisfied. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5thCir. 1999). The record reveals that plaintiff suffered *multiple* herniated discs, that may require surgery in the future, cervical radiculopathy, cervical strain, cervical spondylosis, shoulder strain, and injuries to her head, shoulder, arm (rec. doc. 1-2). It is more probable than not that plaintiff's multiple herniate discs[4], soft tissue injuries[5], and other physical injuries, in

---

[4]Whether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended. *See e.g. Hebert v. Hanco Nat. Ins. Co.*, 2009 WL 255948 (M.D. La. 2009) and cases cited therein; *see also Espadron v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 3168417 (E.D. La. 2010); *Fradella v. Wal-Mart Stores, Inc.,* 2004 WL 2297474 (E.D. La. 2004). Plaintiff's doctor has not formally recommended surgery, but has "discussed, among other treatment options, the possibility of surgical intervention in the future . . ." (rec. doc. 1). Although damage awards in cases involving non-surgical herniated discs are usually below the jurisdictional minimum, those cases vary greatly depending on what other injuries are involved and the type of treatment recommended. The court notes that Louisiana courts have awarded between $50,000-$60,000 for multiple herniated discs, even without surgical recommendations, in cases with facts similar to the instant case. *See e.g. White v. Progressive Sec. Ins. Co.*, 6 So.3d 860 (La. App. 3 Cir. 2009)($60,000 awarded to injured motorist for multiple disc protrusions in the cervical region with pain lasting more than two years); *Misewicz v. Gamso*, 860 So.2d 119 (La. App. 4 Cir. 2003)($49,941.63 awarded to injured motorist who suffered disc herniation and physical therapy treatment for several months); *Webb v. Horton*, 812 So.2d 91 (La. App. 5 Cir. 2002)($50,000 awarded to injured motorist who suffered herniated cervical disc, without surgical recommendation).

[5]Based on the facts provided to the court by the parties, the case law reveals that plaintiff's cervical sprain/strain and eight months of physical therapy would support an award between $6,000-$15,000. *See Gage v. Potts,* 653 So.2d 1183 (La. App. 1 Cir. 4/7/95) ($15,000 awarded to plaintiff diagnosed with cervical and lumbar strain and abdominal contusions with one year of treatment, including an MRI, conservative treatment, physical therapy and chiropractic care); *Minkler v. Chumley*, 747 So.2d 770 (La. App. 2 Cir. 12/8/99)($8,000 awarded to plaintiff who suffered soft tissue neck injury and treated with physical therapy for eight months and experienced residual pain at trial); *Marie v. John Deer Ins. Co.*, 691 So.2d 1327 (La.App. 1 Cir. 3/27/97)($8,500 awarded to plaintiff with cervical and lumbar sprain; approximately ten months of treatment with a chiropractor/physical therapist, with majority of treatment occurring during first four to five months post-accident; occasional neck/low back pain at time of trial); *Rebstock v. Cheramie*, 673 So.2d 618 (La.App. 1 Cir. 2/23/96)($6,000 awarded for six to seven months of treatment for a cervical/lumbar strain; possibility of permanent injuries and residual pain).

addition to her claims for loss wages, medical expenses, mental anguish, and possible disability, will exceed the jurisdictional minium required for removal; therefore, defendant timely removed this matter within thirty days of receipt of plaintiffs' responses to interrogatories and requests for production of documents. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 2) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 28, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NARETTA WADE ROBINSON AND RICKEY ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-12-RET-DLD** |
| **KMART CORPORATION doing business as SEARS** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 28, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**